

DLA Piper LLP (US)
555 Mission Street
Suite 2400
San Francisco, California 94105-2933
www.dlapiper.com

**APPLICATION GRANTED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.**

Dated: January 17, 2024

January 16, 2024
*Via ECF*

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

Re: *General Electric Co. v. L3Harris Technologies, Inc.*, No. 23 CV 10736 (VSB) (S.D.N.Y.)

**Dear Judge Broderick:**

Pursuant to the Your Honor's Individual Rules 5(B)(ii)-(iii), Plaintiff General Electric Co. ("GE") respectfully submits this unopposed request seeking the redaction of competitively sensitive business information contained in the 2001 Membership Interest Purchase Agreement between GE and Defendant L3Harris Technologies, Inc. ("Harris") (the "MIPA"). The MIPA is referenced or quoted in GE's January 16, 2023 Memorandum of Law in Support of GE's Opposition to Harris's Motion to Dismiss, or Alternatively, Stay or Transfer GE's Lawsuit Competing with Harris's First-Filed Lawsuit in the U.S. District Court for the Middle District Of Florida (ECF No. 17, the "Opposition"), and supporting materials (ECF Nos. 18 – 18-4). Concurrently with the filing of this Letter-Motion, GE is also filing (1) publicly, a redacted copy of the MIPA, which is attached as Exhibit 3 to the Declaration of Gina Durham in support of GE's Opposition; and (2), under seal and with proposed redactions highlighted, an unredacted copy of the MIPA.

Subject to the Court's approval, GE proposes to redact from the MIPA only the confidential purchase price GE paid to Harris for the entirety of Harris's interest in the parties' prior joint venture ("GE's Proposed Redaction."). The remainder of the MIPA would remain unredacted and accessible to the public.

Redaction of the MIPA's confidential purchase price is appropriate pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of public access. *Id.* (internal citation and quotation marks omitted). "[C]ourts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information." *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (collecting cases). "[C]ourts may deny access to records that contain sources of business information that might harm a litigant's competitive standing."



January 16, 2024
Page Two

*CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022) (internal quotations omitted) (collecting cases).

GE's Proposed Redaction is "limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotations omitted). GE's Proposed Redaction covers only the confidential price it paid to Harris for its entire interest in the parties' prior JV, which, if revealed, "'might harm [GE's and Harris's] competitive standing[s] in the market.'" *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (quoting *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014)). Should the MIPA's confidential purchase price be publicly disclosed, both parties would be subjected to a competitive disadvantage because competitors could utilize this information to better compete with GE and/or Harris in the market, or to better negotiate with GE and/or Harris in future joint ventures and similar transactions. Moreover, the confidential MIPA purchase price is not relevant to the resolution of Harris's pending motion to dismiss or alternatively stay or transfer the instant action to the U.S. District Court for the Middle District of Florida.

GE's Proposed Redaction has been applied judiciously and is "narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed." *W.J. Deutsch & Sons*, 2022 WL 890184 at *3. Accordingly, GE respectfully requests that the Court grant GE's request to implement the limited, proposed redaction.

Respectfully submitted,

By: */s/ Gina Durham*

**DLA PIPER LLP (US)**

Gina Durham
(Admitted *pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Telephone: (415) 836-2506
Facsimile: (415) 659-7333
Email: gina.durham@us.dlapiper.com



January 16, 2024
Page Three

Colin James Steele
Joshua Schwartzman
Jared Greenfield
1251 Avenue of The Americas, 27th Fl.
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: colin.steele@us.dlapiper.com
joshua.schwartzman@us.dlapiper.com
jared.greenfield@us.dlapiper.com

*Attorneys for Plaintiff General Electric Co.*