UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENERAL ELECTRIC CO.,

                          Plaintiff,

  against

L3HARRIS TECHNOLOGIES, INC.,

                          Defendant.

Civil Action No. 1:23-CV-10736(VSB)(VF)

**<u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>**

       **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

       **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

       1.    Counsel for any party or non-party producing party may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information as set forth below. Counsel for any party or non-party producing party may designate any document or information, in whole or in part, as "Confidential-Attorneys' Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that contains or constitutes trade secrets or other highly sensitive information, and the disclosure is likely to cause significant harm to the producing party. Confidential and Confidential – Attorneys' Eyes Only information is collectively referred to as "Protected Information." Information and documents designated by a party as containing Protected Information will be stamped "CONFIDENTIAL" or "CONFIDENTIAL – AEO."

       2.    The Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

       3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Information.

       4.    All Protected Information designated as "CONFIDENTIAL" shall not be disclosed to any person except:

           a.    The requesting party's counsel and in-house counsel of the requesting party;

     b. Employees of such outside counsel assigned to and necessary to assist in the litigation;

     c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, including but not limited to a copy vendor, an e-discovery vendor, stenographer, or videographer.

     d. The Court (including the mediator, or other person having access to any Protected Information by virtue of his or her position with the Court).

     e. Each party's management, to whom disclosure is reasonably necessary to prosecute or defend the action, and solely for use in this action.

     f. Such other persons as hereafter may be designated by written agreement of all parties in this Action or by order of the Court who have signed the Acknowledgement at Exhibit A.

5. All Protected Information designated as "CONFIDENTIAL - AEO" shall not be disclosed to any person except the persons identified in Paragraph 4a.-4d., 4f. on the terms set forth therein.

6. Prior to disclosing or displaying Protected Information to any person, other than those identified in Paragraphs 4a., 4b., and 4d., counsel must:

     a. Inform the person of the confidential nature of the information or documents;

     b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

     c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thenceforth be treated as Protected Information subject to all the terms of this Stipulation and Order.

8. A party may challenge the designation of Confidential Information or Confidential Attorneys Eyes Only Information by giving counsel of record for the other party written notice specifying the document, information or item to which the Confidential Information or Confidential Attorneys Eyes Only Information designation is sought. After a conferral, if the parties cannot reach agreement concerning the appropriate designation within seven (7) days after delivery of the notice, then the Party challenging the Confidential Information or Confidential Attorneys Eyes Only Information designation may file a motion seeking the Court's determination as to the appropriate designation for the document, information, or item. Any material attached to the motion or any materials summarizing the Confidential Information or Confidential Attorneys Eyes Only Information designation shall be filed under seal, consistent with the procedure set forth

in the Local Rules, to the extent permitted by the Court. A party's decision not to challenge a particular confidentiality designation shall not be construed as an admission that the information in question qualifies as confidential or trade secret.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. For testimony given in depositions or other pretrial proceeds, all transcripts will be automatically designated "Confidential Attorneys Eyes Only Information" from the day of the deposition to twenty-one (21) calendar days after the final original transcript becomes available for review. After the twenty-one (21) days have passed, if specific portions of the transcript have not been designated Confidential or Confidential Attorneys' Eyes Only by any party, which may include non-party deponents, the transcript shall no longer be considered Confidential Attorneys' Eyes Only except upon stipulation by the parties or Court order.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of Protected Information in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13. At the conclusion of litigation, Protected Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.


Dated: New York, New York
      May 1, 2024

      SO ORDERED.

*Vernon Broderick* (signature)

HON. VERNON S. BRODERICK
United States District Judge

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL - AEO" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed