```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  GENERAL ELECTRIC CO.,                                     :
                                                            :
                              Plaintiff,                    :
                                                            :      23-CV-10736 (VSB)
                  -against-                                 :
                                                            :
  L3HARRIS TECHNOLOGIES, INC.,                              :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
                                                            :
  L3HARRIS TECHNOLOGIES, INC., a                            :
  Delaware corporation,                                     :
                                                            :
                              Plaintiff,                    :
                                                            :      24-CV-2671 (VSB)
                  -against-                                 :
                                                            :
  GENERAL ELECTRIC CO, a New York                           :
  corporation,                                              :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Before me are two diversity cases (1) *L3Harris Technologies, Inc. v. General Electric Co*, No. 24-CV-2671 (the "Florida Case"), and (2) *General Electric Co. v. L3Harris Technologies, Inc.*, No. 23-CV-10736 (the "New York Case"). The Florida Case was filed in the Middle District of Florida on November 16, 2023. (Florida Case Doc. 1 ("Fla. Compl.").) The New York Case was filed in this District on December 8, 2023. (New York Case Doc. 1 ("N.Y. Compl.").) Ultimately, the Florida Case was transferred to this District, (Florida Case Doc. 46), where it was marked as related to the New York Case and assigned to my docket.

The two cases are essentially mirror images of each other: the same parties cite to the same set of facts to litigate the same central issue: the ownership of certain blocks of Internet Protocol addresses that were originally acquired by L3Harris Technologies, Inc. ("L3Harris") but then "temporarily used" as part of a joint venture between L3Harris and General Electric Co. ("GE"). (Fla. Compl. ¶¶ 22, 43; N.Y. Compl. ¶¶ 2, 44.)

Under Rule 42(a) of the Federal Rule of Civil Procedure, when "actions before the court involve a common question of law or fact, the court may," among other things, "consolidate the actions." Fed. R. Civ. P. 42(a). District courts have "broad discretion" in determining whether consolidation is appropriate, *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), and may consolidate actions under Rule 42(a) sua sponte, *see Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Rule 42(a) is an invaluable tool of judicial administration and should be liberally employed to "expedite trial and eliminate unnecessary repetition and confusion." *Id.* (internal quotation marks omitted). If judicial resources will be conserved thereby advancing judicial economy, district court will generally consolidate actions. *See Celotex*, 899 F.2d at 1285 (observing that "courts have taken the view that considerations of judicial economy favor consolidation"); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." (internal quotation marks and alterations omitted)).

Here, consolidating under Rule 42(a) will expedite trial, eliminate unnecessary repetition and confusion, and thereby conserve judicial resources and advance judicial economy. As explained above, the Florida and New York Cases involve the same parties, the same dispute, and involve common questions of law and fact. (*Compare* Fla. Compl., *with* N.Y. Compl.)

Accordingly, it is hereby ORDERED that the Florida and New York Cases are

consolidated for all purposes and shall proceed under the Case No. 23-CV-10736. All filings and submissions shall be made under Case No. 23-CV-10736 only. It is further ORDERED that, in light of my order consolidating the Florida and New York Cases, L3Harris's Motion to Dismiss Under the First-To-File Rule, Or Alternatively, Stay or Transfer is DENIED as moot, without prejudice to refiling, or otherwise answering the complaint, no later than 14 days after entry of this Order.[1]

The Clerk of Court is respectfully directed to consolidate the above-captioned cases and administratively close *L3Harris Technologies, Inc. v. General Electric Co*, No. 24-CV-2671. The Clerk of Court is further respectfully directed to terminate the motion pending at Doc. 11 in *General Electric Co. v. L3Harris Technologies, Inc.*, No. 23-CV-10736.

SO ORDERED.

Dated: June 10, 2024
      New York, New York

*(signature)*
Vernon S. Broderick
United States District Judge

---

[1] L3Harris conceded that an order consolidating the Florida and New York Cases would render the above-referenced motion moot. (*See* New York Case Doc. 31 ("The basis for the motion—that litigating two separate cases involving the same subject matter is inefficient—will only be mooted after the cases have been consolidated.").)